IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOY RACER, INC., | No. C 11-01738 SI |
|       Plaintiff, | **ORDER GRANTING DOE DEFENDANT'S MOTION TO QUASH AND DISMISSING CASE WITHOUT PREJUDICE** |
|   v. | |
| DOES 1-60, | |
|       Defendants. | |

Plaintiff Boy Racer, Inc. brought this lawsuit against Doe defendants 1-60, alleging infringement of copyright and civil conspiracy. Defendant John Doe, appearing pro se, has filed a motion to quash a subpoena issued to his internet service provider seeking identifying information about him. After considering the parties' papers, and for good cause shown, the Court GRANTS defendant's motion to quash and DISMISSES the case without prejudice to plaintiff filing individual actions against Doe defendants 8–60.

**BACKGROUND**

Plaintiff Racer Boy, Inc. brought this lawsuit against Doe defendants 1–60, alleging infringement of copyright and civil conspiracy. Plaintiff claims that the Doe defendants illegally reproduced and distributed plaintiff's copyrighted creative work "A Punk Rock Orgy in the Woods" over the Internet computer network peer-to-peer sharing network BitTorrent. Plaintiff knows each defendant only by an Internet Protocol address (IP address), which is a number assigned to devices connected to the Internet by an Internet Service Provider (ISP). Compl. ¶ 8. Plaintiff attached a list of ISPs and dates/etc. documenting alleged infringment to the complaint. Compl. Exh. A.

Plaintiff sought to obtain defendants' identities through expedited discovery. *Id.* On April 12, 2011, Magistrate Judge Maria Elena James granted plaintiff's *ex parte* Application for Leave to Take Expedited Discovery and ordered that plaintiff be allowed to serve Rule 45 subpoenas on the ISPs identified in the exhibit attached to the complaint and any other entity later identified as a distributor of Internet services to any of the Doe defendants for "all information sufficient to identify each Defendant based on supplied IP addresses . . . ." Order Granting Pl. App. for Leave to Take Discovery at 1-2.

On June 25, 2011, one of the Doe defendants filed a motion to quash or modify the subpoena, and requested to file the motion without revealing personally identifying information. On August 8, 2011, plaintiff voluntarily dismissed Doe defendants 1-7 from this case, with prejudice. *See* Notice of Voluntary Dismissal.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 20(a) provides that joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F. 3d 1348, 1350 (9th Cir. 1997). If misjoinder is apparent, the Court is authorized to "drop" a misjoined party from the case, or "sever" any claim. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

**DISCUSSION**

John Doe argues that the Court should quash the subpoena issued to his ISP, because he was improperly joined as a defendant in this action.

Courts around the country, including this Court, have found that allegations that Doe defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted works are insufficient for

2

joinder of multiple defendants under Rule 20. *See, e.g.*, *Laface Records, LLC v. Does 1 - 38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf. In the Matter of DIRECTV,INC.* 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiff's programming without authorization).

Earlier this year, this Court severed defendants in *IO Group, Inc. v. Does 1-19*. The plaintiff had alleged that nineteen different defendants reproduced eighteen different copyrighted films on fifteen different days. The Court found that the plaintiff's allegations that the defendants conspired with each other to provide the infringing reproductions of the works were "wholly conclusory and lack[ed] any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights . . . ." *IO Group v. Does 1-19*, 2010 U.S. Dist. LEXIS 133717, *8-9 (N.D. Cal. Dec. 7, 2010). The Court held that the "only factual allegation connecting the defendants" – the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work – was insufficient for joinder of multiple defendants under Rule 20. *Id.* at *9. Similarly, in *IO Group v. Does 1-435*, the Court severed the Doe defendants, holding that use of the same ISP and peer-to-peer network was not

sufficient for joinder, and that any "potential conspirator liability, based solely on use of a P2P network," does not stretch "so far as to make joinder of all users of a P2P network in one action proper." *IO Group, Inc. v. Does 1-435*, 2011 U.S. Dist. LEXIS 14123, *15-16 (N.D. Cal. Feb. 3, 2011).

Plaintiff argues that similar cases in the past in which this Court and other district courts have severed defendants because of improper joinder, are distinguishable because of the type of technology used to allegedly commit copyright infringement. Pl. Oppo. To Mot. to Quash at 3. Plaintiff argues that, unlike the peer-to-peer protocols in previous cases, "[i]ndividuals using the BitTorrent protocol engage in deep and sustained collaboration with their fellow infringers." *Id.* at 5. Plaintiff argues that, unlike older peer-to-peer protocols which involved file sharing on a one-to-one basis and where "interconnectivity was limited by the one-to-one nature of the file transfers," "each peer in a swarm transforms from a pure downloader (a 'leecher' in BitTorrent vernacular) to a peer that is simultaneously downloading and distributing pieces of a file. By this mechanism, each peer collaborates with others in the swarm to complete the distribution of a file." *Id.* at 8. The plaintiff claims that all peer users are both "*intentionally* uploading and downloading portions of the file simultaneously." *Id.*

Courts have held specifically that the nature of the BitTorrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works. In *Diabolic Video Productions*, the plaintiff alleged that 2,099 different defendants "acted in cooperation with one another 'by agreeing to provide, and actually providing on a P2P network, an infringing reproduction" of the plaintiff's work. *See Diabolic Video Productions v. Does 1-2,099*, 2011 U.S. Dist. LEXIS 58351, 10 (Grewal, M.J.) (N.D. Cal. May 31, 2011). The plaintiff alleged that the "[d]efendants joined in a common 'swarm,' . . . that qualifies as the single transaction or series of closely-related transactions recognized under Rule 20." However, the court found that, apart from the allegation that the defendants all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work, the plaintiff offered "no allegations whatsoever to support its theory of a single or closely-related transactional theory." The court said the plaintiff failed to explain "how or why the technical architecture of BitTorrent is any different from those of the file-sharing protocols" considered by courts in *LaFace Records*, *Interscope Records*, *BMG Music*, or *Twentieth Century Fox Film Corp.*, discussed above, where "the peer-to-peer nature of the protocol was insufficient to justify joinder of dozens of

4

otherwise unrelated defendants in a single action." *Id.* at 12-13. The court took "notice of the fact" that the protocols at issue in those cases "were of precisely the same peer-to-peer architecture" as BitTorrent. *Id.* at 13. For the same reasons, courts severed defendants in lawsuits filed by plaintiff Boy Racer in *Boy Racer v. Does 1-52,* 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) and *Boy Racer v. Does 1-71*, 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011).

Similarly, in *Lightspeed v. Does 1-1,000*, where the plaintiff alleged that the defendants illegally reproduced and distributed its copyrighted works over the Internet through BitTorrent, the court severed defendants because of improper joinder. *Lightspeed v. Does 1-1,000*, 2011 U.S. Dist LEXIS 35392 (N.D. Ill. March 31, 2011). The plaintiff tried to distinguish its case from prior cases where courts held that the use of the same ISP and peer-to-peer networks to allegedly commit copyright infringement was insufficient for joinder under Rule 20. *See id.* at 4-6. The plaintiff argued that "BitTorrent involves more than 'merely committing the exact same violation in the same way' or using the same ISP . . . .'" *Id.* at 6. The court stated, however, that this assertion "ignores that the BitTorrent protocol is a peer-to-peer file sharing system" which was at issue in the prior cases, and found that Rule 20 had not been satisfied. *Id.*[1]

Plaintiff admits that defendants may not all be present in the swarm at the exact same day and time. Pl. Oppo. to Mot. to Quash at 10. Plaintiff does not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant, instead claiming that because of the nature of BitTorrent, "any peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a possible, and even a likely, source of the file for the subsequent peer." *Id.* at 9. The Exhibit attached to plaintiff's complaint indicates that defendants were

---

[1] Some judges have deferred ruling conclusively on the question of joinder in cases involving allegations of copyright infringement through the use of BitTorrent, when the question was raised at this stage of litigation. *See, e.g., Hard Drive Productions, Inc. v. Does 1-46*, 2011 U.S. Dist. LEXIS 67314 (Chen, J.) (N.D. Cal. June 23, 2011). However, other "courts and commentators have noted that a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars [from lost filing fees] and only encourages Plaintiffs and other members of the RIAA to join (or misjoin) as many doe defendants as possible." *Arista Records, LLC v. Doe*, 2008 U.S. Dist. LEXIS 90183, *17 (N.D. Ohio Nov. 3, 2008). As discussed below, the Court has sufficient information before it to rule on the question now, and, for the reasons stated by the court in *Arista Records*, will not defer determination to a later date.

allegedly present in BitTorrent swarms on approximately 18 different dates, and that defendants used approximately nine different ISPs.

The nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants. The BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where this Court and other courts have found joinder improper. Allegations that defendants used a single peer-to-peer network to download plaintiff's works – on different days, at different times, and through different ISPs – is insufficient to allow plaintiff to litigate against sixty different defendants in one action.

Because Doe defendants 2–60 were improperly joined in this matter, the Court is authorized under Rule 21 to "drop" these defendants. Because plaintiff has voluntarily dismissed its claims against Doe defendant 1 (and Doe defendants 2–7) with prejudice, the Court GRANTS John Doe's motion to quash and DISMISSES this case without prejudice to plaintiff filing individual actions against Doe defendants 8–60.[2]

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS John Doe's motion to quash and DISMISSES this case without prejudice to plaintiff filing individual actions against Doe defendants 8–60. (Doc. 14.)

**IT IS SO ORDERED.**

Dated: August 19, 2011

SUSAN ILLSTON
United States District Judge

---

[2] Rule 21 explains that "[m]isjoinder of parties is not a ground for dismissing an action." The Court does not dismiss this action because of misjoinder. Rather, the Court determines that it would be appropriate to drop Does 2–60 from this case because of misjoinder, and dismisses the action because plaintiff has already voluntarily dismissed its claim against Doe 1.